**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS DIAZ and MYRNA DIAZ,

        Plaintiffs,

v.                                                                                                          No. CIV 01-783 BB/JHG

STATE OF NEW MEXICO, CITY OF ALBUQUERQUE, OFFICE OF BERNALILLO COUNTY DISTRICT ATTORNEY, DISTRICT ATTORNEY JEFF ROMERO and ASSISTANT DISTRICT ATTORNEYS PETER DECKER and CARTER CLARY, ALBUQUERQUE POLICE DEPARTMENT, APD OFFICERS DONALD MCGRATH, RAY BACA, PAUL FIEST AND OTHERS YET UNNAMED, With Individuals Performing Malicious Acts Under Color of Law.  All Defendants named Individually, Jointly, and Severally,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of a motion to dismiss filed by Defendants State of New Mexico, Office of Bernalillo County District Attorney, Jeff Romero, Peter Decker, and Carter Clary (Doc.9).  The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Defendants' motion will be granted.  In addition, this case will be consolidated with another case pending in this Court, *Diaz v. v. State,* Civ. No. 00-577 ("*Diaz I*").

These Defendants have raised two main arguments in support of the motion to dismiss.  First, they contend the doctrine of absolute immunity applies to the acts alleged by Plaintiffs.  Second, they argue that Plaintiffs' claims against them are barred by principles of claim preclusion, or res judicata.

Plaintiffs contest both arguments. However, for the reasons discussed below, the Court finds that Defendants' positions are correct as to both arguments, and the case must be dismissed as to these Defendants.

**Immunity:** As Defendants point out, state prosecutors are absolutely immune from § 1983 suits based on activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 410, 430-31 (1976). This immunity covers acts such as presentation of evidence at trial or before a grand jury. *Id.* Furthermore, absolute immunity applies whether the claim involves withholding evidence, instructing a witness to testify evasively, or failing to correct a misconception. *See Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n. 4 (10th Cir. 1991). This is exactly what these Defendants are accused of doing in this case: the Assistant District Attorneys allegedly withheld exculpatory evidence from the grand jury, and suborned perjury by a witness during the grand jury process. They are therefore entitled to absolute immunity, under *Imbler* and *Robinson* and a host of other Tenth Circuit cases directly on point. Since the liability of the State of New Mexico, the Bernalillo County District Attorney's Office, and Jeff Romero is derivative of any liability imposed on the Assistant District Attorney Defendants, the absolute immunity to which these Defendants are entitled mandates dismissal as to the supervisory Defendants as well.

In an effort to avoid the above result, Plaintiffs cite to *Scheuer v. Rhodes*, 416 U.S. 232 (1974). This citation is patently inapposite, given the unbroken line of Tenth Circuit cases relying on *Imbler*. *Sheuer* did not involve a prosecutor acting in a prosecutorial capacity; *Imbler*, which was decided two years after *Scheuer*, is directly on point and, as discussed above, grants absolute immunity to prosecutors engaged in the functions of a prosecutor, even where a constitutional violation is alleged. A minimal amount of research would have shown Plaintiffs' counsel that *Imbler*,

and not *Scheuer*, is the applicable and controlling authority in this case. Counsel is therefore cautioned that any future arguments that are without support in the law may subject him to sanctions.

**Claim Preclusion/Res Judicata:** The doctrine of claim preclusion, or res judicata, prevents a party from re-litigating claims that were raised, *or could have been raised*, in prior litigation between the parties or their privies. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). As Defendants point out, the current complaint's claim of malicious prosecution is based on the same facts and circumstances alleged in a prior case litigated by Plaintiffs against these same Defendants, as well as other defendants. *See Diaz I.* In *Diaz I*, these Defendants were accused of the same conduct as that alleged in this case, such as withholding exculpatory evidence from the grand jury. Defendants filed a motion to dismiss on grounds of absolute immunity, and were dismissed from the case. That dismissal prevents Plaintiffs from now attempting to impose liability on Defendants, even though Plaintiffs have modified their cause of action in this case to expressly state a claim for malicious prosecution rather than a general claim of constitutional violation. In other words, Plaintiffs could have raised this malicious-prosecution claim in *Diaz I*, but failed to do so. Res judicata principles preclude their attempt to raise the claim now.

Again, in an attempt to avoid this result, Plaintiffs raise an argument that is completely without merit. They maintain that a dismissal for failure to state a claim, which is what occurred in *Diaz I*, is not a decision on the merits and therefore has no res judicata effect. Clear Tenth Circuit authority belies this contention. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir. 1994) (a ruling that a party has failed to state a claim on which relief may be granted is a

decision on the merits with full res judicata effect). The prior dismissal for failure to state a claim must be given res judicata effect in this case.[1]

**Consolidation:** This Court has the authority to consolidate related cases *sua sponte*, under Federal Rule of Civil Procedure 42(a). *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). As discussed above, this case is clearly related to *Diaz I*. The cases arise out of the prosecution of Plaintiffs for the same crimes, and concern the same set of facts. The only differences between the two cases are that the complaint in this case states a claim for malicious prosecution, while *Diaz I* does not explicitly raise such a claim, and that the Defendants named in the two complaints are different in some respects.[2] These differences are not enough to override the judicial economy that will be served by consolidating these cases for litigation and trial.

**Conclusion**

Based on the foregoing, the motion to dismiss filed by the State of New Mexico, City of Albuquerque, Office of the District Attorney, Jeff Romero, Peter Decker, and Carter Clary will be granted. Furthermore, this case will be consolidated with Civ. No. 00-577 JC/RLP, which is now pending.

---

[1] The Court recognizes that Plaintiffs have filed a Rule 60(B)(6) motion to reopen the order dismissing these Defendants from *Diaz I*. Unless and until that motion is granted, however, the dismissal stands as a decision on the merits entitled to preclusive effect.

[2] In *Diaz I*, the complaint names Officers Vickson, Sholtis, and Dang as Defendants who are not Defendants in this case. The complaint in this case, on the other hand, includes Officer Paul Fiest, who was not named a Defendant in *Diaz I*. Both complaints list Officers McGrath and Baca as Defendants.

**ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendants' motion to dismiss (Doc. 9) be, and hereby is, GRANTED, and this case is DISMISSED as to those Defendants who brought the motion.  In addition, this case is hereby CONSOLIDATED with Civ. No. 00-577 JC/RLP, and all further pleadings shall be filed in that case.

Dated this 4th day of September, 2001.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiffs**:
Stephen McIlwain
P.O. Box 53215
Albuquerque, New Mexico 87153

**For Defendants**:
Barbara Pryor
McCary, Wilson & Prior
6707 Academy Blvd. N.E.
Albuquerque, New Mexico 87109